1

2

3

4

5

6

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

7

8

9

MARY JANE GREGG,

Plaintiff,

Case No. 1:18-cv-01106-JDP

ORDER ON SOCIAL SECURITY APPEAL

10

11

v.

12

Commissioner of Social Security,

13

Defendant.

14

15     This matter is before the court on claimant's request for judicial review of an unfavorable

16 decision of the Commissioner of the Social Security Administration regarding her application for

17 a period of disability.  At a hearing on August 12, 2019, I heard argument from the parties.  I have

18 reviewed the record, administrative transcript, briefs of the parties, and applicable law, and have

19 considered arguments made at the hearing.  For the reasons stated on the record at oral argument

20 and in this order, I vacate the administrative decision of the Commissioner of the Social Security

21 Administration and remand this case for further proceedings before the Administrative Law Judge

22 ("ALJ").

23     As explained in more detail at oral argument, I remand because the ALJ did not explain

24 why she discounted aspects of the opinion of Dr. Martin, a consultative psychologist.  The ALJ

25 noted that Dr. Martin had found "[m]oderate limitation" in claimant's "ability to maintain regular

26 attendance, perform work activities on a consistent basis, complete a normal workday/week

27 without interruptions prom her psychiatric condition, and to deal with usual stresses encountered

28

1

in a competitive work environment." AR 35.  The ALJ found that the "medical evidence of record discussed herein does not support" these moderate limitations.  The ALJ did not, however, explain why she reached this conclusion or what medical evidence she was referencing.  The ALJ thus failed to provide a specific and legitimate reason for discounting portions of Dr. Martin's opinion. *See Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995).  This alone is sufficient basis for remand.

There is, however, a second and independent basis for remand here:  The ALJ improperly discounted the statement of lay witness Lisa Sexton, claimant's sister, without explanation.  As an initial matter, I must consider whether the ALJ did indeed discount Ms. Sexton's statements.  Although the ALJ did not state what weight she was according Ms. Sexton's statement, I determine that the ALJ did discount that statement; Ms. Sexton identified limitations affecting claimant that conflict with the RFC—for example, left-arm limitations and limited lifting ability—and therefore must not have fully credited Ms. Sexton's statements.  Under Ninth Circuit precedent, an ALJ can reject the testimony of a lay witness if she provides "germane reasons" for doing so. *See Bayliss v. Barnhart*, 427 F.3d 1211 (9th Cir. 2005).  This is not a high bar, but the ALJ did not reach it here.  The ALJ merely stated that she had reviewed Ms. Sexton's statement and given it "full consideration"—and then declared that "the lay opinions therein do not amount to evidence that would change the determinations made in this decision according to SSA regulations."  This statement does not tell me why the ALJ rejected Ms. Sexton's lay opinions; without such an explanation, I cannot carry out adequate judicial review.

The clerk of court is directed to enter judgment in favor of claimant Mary Jane Gregg and against defendant Commissioner of Social Security, and to close this case.

IT IS SO ORDERED.

Dated:    August 12, 2019    _____
                             UNITED STATES MAGISTRATE JUDGE

2

1

2    No. 200.

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28