UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY JANE GREGG,<br><br>            Plaintiff,<br><br>      v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>            Defendant. | Case No.  1:18-cv-01106-JDP (SS)<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY FEES<br><br>ECF No. 28 |

Plaintiff moves for the award of attorney fees in the amount of $10,425.75 to plaintiff's attorney Shellie Lott under 42 U.S.C. § 406(b). ECF No. 28. Plaintiff and her attorney entered into a written contingent fee agreement that provided for a fee in the amount of 25 percent of past-due benefits. ECF No. 28-3 at 1. Plaintiff's attorney is requesting 25 percent of total past-due benefits, which amounts to $10,425.75.[1]

An attorney may seek an award of fees for representation of a Social Security claimant who is awarded benefits upon a favorable judgment for claimant. 42 U.S.C. § 406(b)(1)(A). A contingency fee agreement is unenforceable if it provides for fees exceeding 25 percent of past-due benefits. *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). The court must review

---

[1] The court previously awarded plaintiff's attorney a fee of $4,057.96 under the Equal Access to Justice Act, which will be remitted to plaintiff. ECF No. 27.

contingent-fee arrangements "as an independent check, to assure that they yield reasonable results in particular cases." *Id.* at 807.  In doing so, the court should consider "the character of the representation and the results the representative achieved." *Id.* at 808.  In addition, the court should consider whether the attorney performed in a substandard manner or engaged in dilatory conduct or excessive delays, and whether the fees are "excessively large in relation to the benefits received." *Crawford v. Astrue*, 586 F.3d 1142, 1149 (9th Cir. 2009) (en banc).

In this case, after considering the fee agreement and the applicable law, I find that plaintiff's counsel's requested fees are reasonable.  In support of the motion, plaintiff's counsel attached a written fee agreement which provided for a contingent fee of twenty-five percent of any awarded retroactive benefits. ECF No. 28-3.  Plaintiff's counsel accordingly accepted the risk of loss in the representation.  Plaintiff's counsel additionally expended a total of 19.9 hours of attorney time while representing plaintiff before the District Court.  ECF No. 28-4.  The requested fee amount is twenty-five percent of past-due benefits.  As a result of counsel's work, the matter was remanded for further proceedings before an Administrative Law Judge, who issued a favorable decision and awarded plaintiff benefits.  There is no indication that counsel performed in a substandard manner or engaged in severe dilatory conduct to the extent that a reduction in fees is warranted.  To the contrary, plaintiff was able to secure a fully favorable decision and remand for further proceedings, including an award of past-due benefits.

Accordingly, plaintiff's motion for attorney fees, ECF No. 28, is granted.  The fee in the sum of $10,425.75 is approved to be paid by defendant to counsel for plaintiff.

IT IS SO ORDERED.

Dated:   March 26, 2021

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE